### STRAUCH CO. v. LANDEKER.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

PRINCIPAL AND AGENT (§ 146*)—AGENT ACTING AS PRINCIPAL—LIABILITY.

>    One concealing the fact that he is agent and pretending to be principal cannot, after incurring liability, as principal, discharge himself therefrom by giving notice that he is only an agent.

>    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527; Dec. Dig. § 146.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Strauch Company against Adolph H. Landeker. From a judgment dismissing the complaint, after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Nathan Bardach, of New York City, for appellant.

Taylor & Fatt, of New York City (Isidore Fatt, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff had paid the monthly rent of his apartment regularly to defendant as his landlord. During the winter of 1912 he became aware that foreclosure proceedings were pending, and he had been warned not to continue such payments. He thereafter exacted from defendant a promise, which is not denied, to return to him any rent for which any other party might have a lawful claim. On February 1, 1913, he paid defendant his rent as usual, and on February 7th was compelled to pay the pro rata of the February rent to the purchaser under foreclosure. The justice of the claim he makes is not contested. Defendant urges only that it must be enforced against one Martin, who, defendant alleges, was the owner of the premises prior to the foreclosure. So far as plaintiff is concerned, the only notice which defendant claims that plaintiff had concerning Martin's ownership rather than defendant's is the signature on the receipt for the rent of February 1, 1913, which is in the name of defendant, "agent for James E. T. Martin." Apart from the serious doubt whether the signature in that form is effective to discharge defendant from any liability, express or implied, in the premises, there is not the slightest proof that plaintiff knew of this claim of agency before he paid the rent, and there is affirmative proof that defendant always claimed to be the landlord. It requires no citation of authorities to sustain the liability of an agent who conceals the fact that he is an agent and pretends to be the principal. He certainly cannot discharge himself, after incurring liability as principal, by giving notice that he is in reality only an agent.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs. SEABURY, J., concurs in result.